**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

(1) THOMAS RAY BUTTLER,

      Plaintiff,

v.

(1) CITY OF SPERRY *ex rel.* SPERRY
      POLICE DEPARTMENT; and

(2) JOHN CARR,

      Defendants.

Case No.:  4:20-cv-00355-GKF-FHM

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

## COMPLAINT

COMES NOW the Plaintiff, Thomas Ray Buttler, by and through his attorneys of record, SMOLEN | LAW, PLLC, and for his cause of action against the Defendants, alleges and states the following:

### PARTIES

1.  Plaintiff Thomas Ray Buttler ("Plaintiff" or "Mr. Buttler") is, and was at all times relevant hereto, a resident of Tulsa County, Oklahoma, within the confines of the Judicial District for the Northern District of Oklahoma.

2.  Defendant City of Sperry ("City") is a municipal corporation and political division of the State of Oklahoma, that was, at all times pertinent hereto, responsible for the policies, practices, and customs of the Sperry Police Department, and the training, supervision and discipline of Sperry police officers and agents.

3.  Upon information and belief to be confirmed through discovery, Defendant John Carr ("Officer Carr" or "Carr") is a resident of Tulsa, County Oklahoma. Carr was, at all times relevant

hereto, acting under color of state law as an employee of Defendant City of Sperry *ex rel.* Sperry Police Department ("SPD").

## JURISDICTION AND VENUE

4.   Paragraphs 1-3 are incorporated herein by reference.

5.   Prior to filing this action, Plaintiff gave proper notice of his claims, as required by the Oklahoma Government Tort Claim Act, 51 O.S. § 151, *et seq.*, by serving his written claim on the Sperry Town Clerk. This action is timely filed within 180 days of the denial of Plaintiff's claims, as required by 51 O.S. § 157.

6.   This jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of, and to redress deprivations of, rights secured by the Fourth and Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

7.   The jurisdiction of this Court is also invoked under 28 US.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

8.   This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, since the claims form part of the same case or controversy arising under the United States Constitution and federal law.

9.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

### OFFICER CARR'S ARREST AND DETENTION OF PLAINTIFF

10. Paragraphs 1-9 are incorporated herein by reference.

11. In March of 2019, Plaintiff began noticing vibrations ruminating throughout his home in Sperry, Oklahoma. A sewage pump station had been recently been built nearby and appeared to be causing the ground around the facility to shake, affecting Mr. Buttler's home.

12. Mr. Buttler was concerned that the shaking from the sewage pump station was causing foundation issues in his home and other damage to his property.

13. As the shaking continued, Mr. Buttler voiced his concerns to City employees, including SPD officers.

14. On more than one occasion Mr. Buttler spoke to SPD officer, John Carr.

15. On April 24, 2019, Plaintiff went to City Hall to speak with a representative for the City regarding his concerns. Mr. Buttler spoke with Officer Carr, to whom Mr. Buttler described a specific instance of shaking that had occurred days prior.

16. Unbeknownst to Buttler, Officer Carr apparently turned on his body camera to record the interaction with Mr. Buttler, although it is wholly unclear *why* Officer Carr believed such action was necessary.

17. Following his encounter with Mr. Buttler on April 24, 2019, Officer Carr drafted an official SPD Incident/Offense Report.

18. The SPD Report did not include any specific criminal violation or activity on the part of Mr. Buttler. The "Narrative" section, of the report, drafted by Officer Carr, summarized his encounter with Mr. Buttler described the concerns Mr. Buttler voiced regarding the shaking at his home. Carr concluded the Report stating that: "Buttler for the most part is congenial, but is known to have a larger collection of firearms. Buttler has NOT exhibited any violent tendencies." (emphasis included in SPD Report).

19. It is unclear why Officer Carr believed it necessary to complete an SPD Report following his encounter with Buttler, or why he felt he needed to include therein that Mr. Buttler owned firearms.

20. On April 28, 2019, after he had drafted the SPD Report, **Officer Carr filed a Petition with the Tulsa County District Court, seeking to have Mr. Buttler involuntarily committed to a mental institution**.

21. In the Petition, Defendant Carr alleged that he had "good reason to believe, and does believe, that the Respondent [Mr. Buttler] is a person requiring treatment as defined in 43A O.S. §1-103(13)."

22. Oklahoma Statute 43A O.S. § 1-103(13a) defines a "Person Requiring treatment" as a person who, because of their mental state:

(1) Poses a substantial risk of immediate physical harm to self as manifested by evidence or serious threats of or attempts at suicide or other significant self-inflicted bodily harm;

(2) Poses a substantial risk of immediate physical harm to another person or persons as manifested by evidence of violent behavior directed toward another person or persons;

(3) Has placed another person or persons in a reasonable fear of violent behavior directed towards such person or persons or serious physical harm to them as manifested by serious and immediate threats;

(4) Is in a condition of severe deterioration such that, without immediate intervention, there exists a substantial risk that severe impairment or injury will result to the person; or

(5) Poses a substantial risk of immediate serious physical injury to self or death as manifested by evidence that the person is unable to provide for and is not providing for his or her basic physical needs.

23. Along with his Petition, Officer Carr filed a Request for Pre-Hearing Detention, stating as follows: " I am familiar with the Respondent's [Mr. Buttler]  condition, conduct and actions, and

it is my opinion that Respondent [Mr. Buttler] represents a risk of harm to self or others such that an order directing pre-hearing detention of Respondent is necessary."

24. The factual support of Defendant Carr's Petition and Request for Detention is derived from the SPD Report, which Carr himself drafted, which did not indicate anywhere therein that Mr. Buttler was a risk to anyone, including himself. In fact, Officer Carr specifically stated in the report that "Buttler ha[d] NOT exhibited any violent tendencies." (emphasis by Carr).

25. Based Carr's Petition and Request for Detention, a Tulsa County District Court Judge issued an Order Directing Pre-Hearing Detention of Mr. Buttler on April 30, 2019.

26. On May 1, 2019, Mr. Buttler was arrested at his home by Officer Carr and transported, against his will, to the Tulsa Center for Behavior Health, thus isolating Mr. Buttler from his family, friends, and attorneys.

27. Mr. Buttler remained at the Tulsa Center for Behavior Health, against his wishes, until May 3, 2020.

28. The aforementioned seizure, transportation, and detention were carried out without informing Plaintiff of his legal rights, without informing him of any charge or complaint against him, without providing him with any basis or authorization for his arrest and detention, and without probable cause to believe Mr. Buttler was a danger to himself or others or otherwise a "person requiring treatment" pursuant to 43A O.S. § 1-103(13a).

29. Unsurprisingly, at a hearing on May 3, 2019, the Court found that Mr. Buttler was **not** a "person requiring treatment," as he did not pose a danger to himself or anyone else, and freed him.

30. Plaintiff has no history of mental illness and has never been treated, or sought treatment, for mental illness.

31. At no time has any person offered evidence to the SPD or Officer Carr that Plaintiff has harmed or threatened to do harm to himself or any person. In fact, Officer Carr specifically stated that Mr. Buttler had "NOT exhibited violent tendencies."

32. It is and was, objectively unreasonable for any moderately-trained police officer to believe that Mr. Buttler was an immediate physical risk to himself or others. It was even more unreasonable for a police officer to take the affirmative steps of having Mr. Buttler involuntarily committed.

33. Plaintiff believes that Officer Carr was annoyed by Mr. Buttler's complaints regarding the sewage pump station and the shaking that was going on at his home.

34. Plaintiff believes that Officer Carr's SPD Report and Petition were biased and improperly colored by Carr's perception of Plaintiff.

35. Officer Carr's perception of Mr. Buttler was itself unreasonable and it was unreasonable for such perception to color Officer Carr's investigation as to whether Mr. Buttler was a danger to himself or others.

36. Alternatively, Plaintiff believes Officer Carr intended to intimidate and dissuade Plaintiff from continuing to raise his complaints to the City.

37. Carr lacked probable cause at the time of the seizure, transportation, and detention of Mr. Buttler to believe that Mr. Buttler committed any crime, and Officer Carr did not have probable cause to believe either (1) that Mr. Buttler had a mental illness and was in need of hospitalization, or (2) that there was a substantial likelihood that Mr. Buttler would cause physical harm to himself or others. Officer Carr did not have any other legitimate or lawful basis to seize, arrest or detain Mr. Buttler, and as such acted with reckless and callous indifference to the Constitutional rights of Mr. Buttler.

THE UNCONSTITUTIONAL POLICIES OF THE SPD

38. The unjustified seizure, wrongful arrest, malicious prosecution, and due process violations to which Mr. Buttler was subjected by Officer Carr was in furtherance of, and consistent with, policies, customs, and/or practices the City/SPD promulgated, created, and/or implemented.

39. Even after Mr. Buttler was determined not to be a threat to himself or others by a Tulsa County District Court Judge, and the City was presented with Mr. Buttler's claim that he was unlawfully arrested and detained in February 2020, the City never reached out to Mr. Buttler to learn the basis of his complaints or to otherwise conduct any review of Officer Carr's actions.

40. In fact, upon information and belief that will be confirmed through discovery, Officer Carr's conduct was ratified and endorsed by the SPD, and he was not disciplined nor was any investigation opened into Mr. Buttler's arrest and commitment.

41. Upon information and belief, and as evidenced by the facts of this case, there is a practice and custom in the SPD of officer faced with a lack of objective evidence, conducting biased or one-sided investigations intended not to determine the truth of the matter but rather to either prove a case against convenient suspects or else retaliate against them to "teach a lesson" regarding police authority.

42. There is an affirmative causal nexus between Plaintiff's wrongful arrest, detention, and due process violations and the policies or customs of the SPD, including but not limited to:

- ❖ A policy or custom of improperly training and supervising officers with respect to evaluating whether persons are or may be experiencing mental health issues;

- ❖ A policy or custom of improperly training and supervising officers with respect to the preparation and filing of mental health petitions and requests for pre-hearing detention;

- ❖ A policy or custom of unreasonable bias and discrimination against persons who are perceived by officers as bothersome and/or an annoyance;

❖ A policy or custom of failing to discipline officers who transgress the rights of citizens during their investigations and arrests;

❖ A policy or custom of delegating authority and employing persons who are not sufficiently trained or educated to make the determination of whether persons, including Defendant Carr, are subject to involuntary admission to a mental health facility under 43A O.S. §§ 5-410, *et seq*; and

❖ A policy or custom of encouraging officers to misuse the legal system (*i.e.*, Mental Health Court) in order to avoid dealing with citizens who voice their concerns to the City/SPD.

43. The City/SPD knew, must have known, or should have known, that – due to its obviously inadequate training, supervision and discipline – unconstitutional conduct toward citizens/arrestees/detainees by SPD personnel was probable and almost certain, but failed to take reasonable measure to alleviate the risks of harm.

44. Thus, the City has created, and tolerated, and maintained long-standing, unconstitutional department-wide customs, law enforcement related policies, procedures and practices, and failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference with respect to uses of force.

45. The City, through its continued encouragement, ratification, approval, and/or maintenance of the aforementioned policies, customs, and/or practices (in spite of their known and obvious inadequacies and dangers) has been deliberately indifferent to citizens', including Mr. Buttler's, health and safety.

## CAUSES OF ACTION

### I – VIOLATION OF MR. BUTLER'S CIVIL RIGHTS ARISING UNDER THE FOURTEENTH AND/OR FOURTH AMENDMENT
### (42 U.S.C. § 1983)

**A. Defendant Carr Violated Mr. Buttler's Right to Due Process and Right to Be Free From Unreasonable Seizure and Detention.**

46. Paragraphs 1-45 are incorporated herein by reference.

47. At the time of the complained events, Plaintiff, as a free person, had a clearly established Constitutional right under the Fourth and/or Fourteenth Amendments to be secure in his person and free from objectively unreasonable seizure.

48. The United States Supreme Court has stated "[T]here is ... no constitutional basis for confining [mentally ill] persons involuntarily if they are dangerous to no one and can live safely in freedom." *O'Connor v. Donaldson*, 422 U.S. 563, 575 (1975).

49. Defendant Carr lacked sufficient probable cause upon which to seek the involuntary commitment of the Plaintiff.

50. Defendant Carr was reckless and deliberately indifferent to Plaintiff's rights in filing a Petition for Plaintiff's involuntary commitment that was entirely and demonstrably incorrect. The "investigation" Defendant Carr used to support his Petition was biased, slanted, incomplete and unreasonable.

51. The arrest of Plaintiff was devoid of probable cause as required by the Fourth Amendment, as applied to the States by the Fourteenth Amendment. This wrongful arrest violated Plaintiff's right to be secure against unreasonable seizure and violated his Fourth Amendment-protected sense of security and individual dignity.

52. Officer Carr, under the color of State law and as an agent of the SPD, violated Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, when he apprehended and detained Plaintiff for more than two (2) days without probable cause to do so.

53. Any reasonable officer knew or should have known of these rights at the time of the complained conduct as they were clearly established at that time.

54. Furthermore, the Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend XIV, § 1.

55. Plaintiff has a liberty interest, protected by the Fourteenth Amendment to the United States Constitution to determine what shall be done with his own body, including, when and how to seek mental health treatment.

56. Defendant Carr arbitrarily, irrationally and capriciously imposed upon Mr. Buttler's bodily integrity by attempting to have Mr. Buttler committed without having performed any kind investigation or psychological evaluation.

57. The conduct of Defendant Carr, placing Plaintiff in custody and having him admitted for mental health treatment without his consent and against his will, does not comport with traditional ideas of fair play and decency, shocks the conscience, and violates Mr. Buttler's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

58. Defendant Carr actions described herein demonstrate a deliberate indifference to the constitutional rights of citizens, like Mr. Buttler.

59. Defendant Carr's actions of attempting to have Mr. Buttler involuntarily committed under such circumstances was excessive and objectively unreasonable

60. Furthermore, Defendant Carr's actions described herein, involved reckless, callous, and deliberate indifference to Mr. Buttler's federally protected rights

61. As a direct and proximate cause of Defendant Carr's actions, Mr. Buttler suffered economic and personal loss, emotional distress, pain and suffering and other damages.

**B. The Unconstitutional Policies and Customs of City/SPD Lead Directly to the Violations of Mr. Buttler's Civil Rights as Set Forth Herein, such that the City/SPD is Liable to Mr. Buttler under *Monnell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978).**

62. Paragraphs 1-60 are incorporated herein by reference.

63. There is an affirmative link between the aforementioned unlawful seizure, wrongful arrest, malicious prosecution, and due process violation carried out by Officer Carr and the policies, practices and/or customs the City/SPD promulgated, created, implemented and/or for which the City/SPD possessed responsibility.

64. Such policies, practices and/or customs are specifically set forth in paragraphs 39-46, *supra*.

65. Additionally, upon information and belief that will be confirmed in discovery, it was, and is, the policy of SPD, to directly or indirectly utilize the Court's power to seek an Order of commitment based on inadequate, stale, discredited, incomplete, or simply false information, despite the having knowledge that a subject is not reasonably believed (1) to have committed any crime, or (2) likely to cause immediate irreparable harm to himself or others.

66. Further, the City/SPD maintained a policy and custom of inadequate training and supervision of its employees, which allowed Defendant Carr to submit a reckless, flagrantly false and unsubstantiated affidavit to have a private citizen involuntarily committed.

67. By failing to discipline Defendant Carr for his and other wrongful conduct, the City encouraged, ratified and/or approved of the unconstitutional acts and/or omissions alleged herein.

68. The City/SPD knew, must have known, or should have known that – due its obviously inadequate training, supervision and discipline – unlawful seizures by SPD officers was probable and almost certain, but failed to take reasonable measure to alleviate the risks of harm.

69. The City, through its continued encouragement, ratification, approval, and/or maintenance of the aforementioned policies, customs, and/or practices (in spite of their known and obvious inadequacies and dangers) has been deliberately indifferent to citizens', including Mr. Buttler's, health and safety.

70. As a direct and proximate result of the aforementioned customs, policies, and/or practices, Mr. Buttler suffered imprisonment, economic and personal loss, emotional distress, pain and suffering, and other damages.

## II – STATE LAW TORT CLAIMS AGAINST DEFENDANT CITY OF SPERRY

### A.  Negligence/Wrongful Imprisonment/False Arrest

71. Paragraphs 1-69 are incorporated herein by reference.

72. SPD Officers, like Defendant Carr, owed Plaintiff a duty to use reasonable care in the investigation of crimes reported against him and the determination of probable cause to detain and seek the commitment of Plaintiff.

73. Officer Carr failed to use reasonable care in investigating Plaintiff's mental state and had Plaintiff detained and committed without sufficient probable cause to do so.

74. Officer Carr's actions were taken in the course and scope of his employment with the City/SPD.

75. The City is liable for Officer Carr's actions pursuant to the Oklahoma Government Tort Claim Act, 51 O.S. § 151, et seq.

76. As a direct and proximate result of Officer Carr's tortious conduct, Plaintiff suffered detention, economic and personal losses, emotional distress, pain and suffering, and other damages.

**B. Malicious Prosecution**

77. Paragraphs 1-69 are incorporated herein by reference.

78. While in the course and scope of his employment with the City/SPD, Defendant Carr caused the initiation or continuation of legal process against Mr. Buttler by filing an action requesting that Mr. Buttler be involuntarily committed which resulted in the unreasonable detention and seizure of Mr. Buttler.

79. Defendant Carr filed his Petition and Request for Pre-Hearing Detention wholly without probable cause, either intentionally or recklessly making allegations which were not true.

80. Such prosecution was legally and finally terminated in Mr. Buttler's favor, but Mr. Buttler was nonetheless injured by Carr's reckless acts.

81. As a direct and proximate result of Officer Carr's conduct, Plaintiff suffered detention, economic and personal losses, emotional distress, pain and suffering, and other damages.

WHEREFORE, premises considered, Plaintiff prays that this Court grant him the relief sought, including but not limited to, damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, punitive damages, reasonable attorney fees and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN | LAW, PLLC**

/s/ Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
John W. Warren, OBA#33635
 611 S. Detroit Ave.
Tulsa, OK 74120
(918) 777-4LAW (4529)
don@smolen.law
laura@smolen.law
jack@smolen.law
*Attorneys for Plaintiff*